**IT IS ORDERED as set forth below:**



Date:  April 27, 2016

_____

W. Homer Drake
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GARY M. WALLACE, | : | CASE NO. 15-10221 |
| | : | |
| Debtor. | : | JUDGE W. H. DRAKE |
| _____ | : | |

ORDER CONFIRMING PLAN

The above-captioned bankruptcy case came before the Court for hearing on April 20, 2016 at 10:10 am. (the "Hearing") to consider confirmation of the Plan (as defined herein). On March 24, 2016, Debtor filed his "First Amended Disclosure Statement" ("Disclosure Statement") [Docket No. 98], and on March 23, 2016 Debtor filed his "First Amended Plan of Reorganization" [Docket No. 93], as modified by Debtor's "Modified First Amended Plan of Reorganization" filed on April 19, 2016 [Docket No. 116] ("Plan"). (All references to Plan herein refer to the Plan as amended or modified). On March 24, 2016, the Court entered an "Order (A) Approving Disclosure Statement Disclosure Statement For The Plan of Reorganization, (B) Establishing Balloting and Objection Deadlines, and (C) Scheduling

1

Confirmation Hearing."

## The Confirmation Hearing and Plan Modifications

A.At the Hearing, J. Nevin Smith appeared on behalf of Debtor, Brian R. Wooldridge appeared on behalf of CharterBank ("Charter"), and Brian R. Wooldridge appeared on behalf of United Bank ("United") and Brian R. Wooldridge appeared on behalf of Seterus, Inc. ("Seterus"). At the Hearing, J. Nevin Smith appeared on behalf of Debtor and announced that the Debtor had made certain modifications to the First Amended Plan of Reorganization, dated March 23, 2016 [Docket No. 93], which modifications were incorporated in the Modified First Amended Plan of Reorganization, dated April 19, 2016 which had been filed with the Court on April 19, 2016 [Docket No. 116], and represented to the Court that such modifications are in accordance with Sections 1125 and 1127 of the Bankruptcy Code and do not materially and adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto. J. Nevin Smith further announced that, based upon Debtor making the modifications incorporated in the Modified First Amended Plan of Reorganization, dated April 19, 2016 [Docket No. 116], he was authorized by counsel for the Bank of Lafayette to announce that Bank of Lafayette had tendered amendments to its ballots previously cast rejecting the Plan [Docket No. 112, Docket No. 113 and Docket No. 114], which ballot amendments accept the Plan.

B.Brian R. Wooldridge appeared on behalf of CharterBank and announced that CharterBank had resolved its Limited Objection to Confirmation of Debtor's Proposed Plan [Docket No. 107], based upon Debtor making the modifications to the Plan incorporated in the Modified First Amended Plan of Reorganization, dated April 19, 2016 [Docket No. 116] as amended by this Order to change the date "December 31, 2016" on Page 18 of the Plan to "July

2

31, 2016", and tendered an amendment to its ballot previously cast rejecting the Plan [Docket No. 110], which ballot amendment accepts the Plan, as amended in this paragraph.

      C.     Brian R. Wooldridge appeared on behalf of United Bank and announced that United Bank had resolved its Limited Objection to Confirmation of Debtor's Proposed Plan [Docket No. 108], based upon Debtor making the modifications to the Plan incorporated in the Modified First Amended Plan of Reorganization, dated April 19, 2016 [Docket No. 116], and tendered an amendment to its ballot previously cast rejecting the Plan [Docket No. 109], which ballot amendment accepts the Plan.

      D.     Brian R. Wooldridge appeared on behalf of Seterus and announced that Seterus had resolved its Objection to Debtor's Amended Chapter 11 Plan of Reorganization [Docket No. 97], based upon Debtor making the modifications to the Plan incorporated in the Modified First Amended Plan of Reorganization, dated April 19, 2016 [Docket No. 116].

Based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Hearing, and the entire record in this case, and upon the Court's findings of fact and conclusions of law made on the record at the Hearing which are adopted herein pursuant to the provisions of Federal Rule of Civil Procedure 52(a) as made applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014, the Plan, as modified by the terms of this Order, should be confirmed and further based upon the following determinations by the Court:

      1.     Debtor and Debtor's agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

3

2. Debtor, as proponent of the Plan, established, upon the unopposed proffer of evidence and testimony by counsel for Debtor, that the Plan satisfies the requirements of Section 1129(a) and (b) of the Bankruptcy Code.

3. In accordance with Sections 1125 and 1127 of the Bankruptcy Code, Debtor has modified the Plan as set forth in the Modified First Amended Plan of Reorganization, dated April 19, 2016 [Docket No. 116] and this Order. Such modifications do not materially and adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto.

4. As evidenced by the balloting report and submissions at the Confirmation Hearing, at least one impaired class of claims, determined without including any acceptance by an insider of Debtor, has voted to accept the Plan. Specifically, Class 1, Class 2, Class 5, Class 6, Class 7, Class 8, Class 9 and Class 10 have accepted the Plan. Accordingly, it is hereby

ORDERED that the foregoing determinations, enumerated in Paragraphs 1-4, are hereby incorporated into this Order as fully set forth herein. It is further

ORDERED that the Plan, as modified by the terms of this Order, is *confirmed* pursuant to 11 U.S.C. §1129. All provisions of the Plan, as modified by the terms of this Order, shall bind Debtor, all entities receiving property under the Plan, all Creditors and all Interest Holders, whether or not the Claims or Interests of such Creditors or Interest Holders are impaired under the Plan, and whether or not such Creditors or Interest Holders have accepted the Plan. It is further

ORDERED that:

A. The provisions of the Plan and this Order are not severable and are mutually dependent.

B. Notwithstanding any language to the contrary in the Plan as herein confirmed,

this Court retains jurisdiction in this case for the limited purposes set forth in the Plan, subject to the limitations of Bankruptcy Rules.

      C.      The automatic stay in effect in this case pursuant to Section 362(a) of the Bankruptcy Code shall continue in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall bar the filing of financing documents or taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.

Within three (3) days of entry of this Order, Debtor's counsel shall serve this order on all interested parties.

End of Order

Prepared and Presented by:

J. Nevin Smith
Smith Conerly LLP

<u>/s/ J. Nevin Smith</u>
J. Nevin Smith
Georgia Bar No. 661110
402 Newnan Street
Carrollton, Georgia 30117

Distribution List:

R. Jeneane Treace
Office of the United States Trustee
Richard B. Russell Building
75 Spring Street, S.W., Room 362
Atlanta, Georgia 30303

John D. Schlotter
ALDRIDGE PITE, LLP
Fifteen Piedmont Center
3575 Piedmont Road NE, Suite 500
Atlanta, GA 30305

Thomas D. Richardson, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
615 West First Street
PO Box 5007
Rome, GA  30162-5007

A.Keith Logue
3423 Weymouth Court
Marietta, GA 30062

R. Brian Woolridge
Mann Woolridge Kneidle, P.C.
P.O. Box 310
Newnan, GA 30264-0310